1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11
12

DEREK J. BLOODWORTH,
CDCR #F-53229,

13
                                        Plaintiff,

14              vs.

15  COUNTY OF IMPERIAL, et al.,

16
                                        Defendants.

17
18
19

Civil No.      09cv2672 MMA (PCL)

**ORDER SUA SPONTE DISMISSING
PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR FAILING TO
STATE A CLAIM AND FOR
FAILING TO EXHAUST
ADMINISTRATIVE REMEDIES**

**[Doc. No.  28]**

20  **I.      Procedural History**

21          On November 30, 2009 Derek Bloodworth ("Plaintiff"), a former state inmate filed this

22  civil rights action pursuant to 42 U.S.C. § 1983.  As required by 28 U.S.C. §§ 1915(e)(2) &

23  1915A, the Court conducted a sua sponte screening of Plaintiff's Complaint, granted his Motion

24  to Proceed *in forma pauperis* ("IFP") and directed the U.S. Marshal to effect service of the

25  Complaint.  *See* Jan. 6, 2010 Order at 5-6.

26          On February 24, 2010, Defendants County of Imperial and Raymond Loera filed an

27  Answer to Plaintiff's Complaint [Doc. No. 7].  Plaintiff then filed a "Motion for Leave to File

28  First Amended Complaint" and a "Motion for Order Directing the U.S. Marshal Serve Summons

1   and First Amended Complaint." Magistrate Judge Peter Lewis issued an Order granting Plaintiff

2   permission to file a First Amended Complaint and denying his request for an order directing the

3   U.S. Marshal to effect service on the newly added Defendants.

4        Upon review of Plaintiff's First Amended Complaint, the Court found that it was

5   appropriate to conduct a *sua sponte* screening of Plaintiff's First Amended Complaint pursuant

6   to 28 U.S.C. § 1915(e)(2) ("[n]otwithstanding any filing fee, or any portion thereof, that may

7   have been paid, the court shall dismiss the case *at any time* if the court determines" that the

8   action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks

9   monetary relief against a defendant who is immune) (emphasis added).  The Court *sua sponte*

10  dismissed Plaintiff's First Amended Complaint for failing to state a claim but provided him leave

11  to file a Second Amended Complaint in order to correct the deficiencies of pleading identified

12  by the Court.  *See* Doc No. 25, May 3, 2010 Order at 7-8.  On May 28, 2010, Plaintiff filed his

13  Second Amended Complaint ("SAC").  The Court will, once again, conduct a *sua sponte*

14  screening of Plaintiff's SAC pursuant to 28 U.S.C. § 1915(e)(2).

15  **II.      Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

16       **A.      Standard**

17       The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints

18  filed by all persons proceeding IFP.  *See* 28 U.S.C. § 1915(e)(2).  Under these provisions, the

19  Court must *sua sponte* dismiss any IFP or prisoner complaint, or any portion thereof, which is

20  frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are

21  immune.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.

22  2000) (en banc).

23       As currently pled, it is clear that Plaintiff's SAC fails to state a cognizable claim under

24  42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a claimant:  (1)

25  that a person acting under color of state law committed the conduct at issue, and (2) that the

26  conduct deprived the claimant of some right, privilege, or immunity protected by the

27  Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S.

28

1  637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en

2  banc).

3      In Plaintiff's SAC, he no longer names as Defendants Warren Kato, Michael Ramirez or

4  T. Pickett.  *See* SAC at 1-19.  Thus, these Defendants are dismissed from this action.  *See* May

5  3, 2010 Order (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

6      **B.      Claims against Municipalities and Sheriffs**

7      Plaintiff identifies both the Sheriff of Los Angeles County, Leroy Baca and the Sheriff

8  of Imperial County, Raymond Loera, as Defendants.  If Plaintiff seeks damages from Defendants

9  Baca and Loera based on their roles as the Sheriffs of Los Angeles and Imperial Counties, he

10  must set forth specific factual allegations regarding these Defendants' participation in the alleged

11  violation of his rights, because there is no respondeat superior liability under 42 U.S.C. § 1983.

12  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into

13  causation must be individualized and focus on the duties and responsibilities of each individual

14  defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*

15  *v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71

16  (1976)).  In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each

17  individual Defendant which have a direct causal connection to the constitutional violation at

18  issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040,

19  1045 (9th Cir. 1989).     Here, Plaintiff's only allegations against these individuals are with

20  respect to their supervisory roles.  Thus, Plaintiff's claims against Defendants Baca and Loera

21  are DISMISSED for failing to state a claim upon which relief can be granted.

22      Plaintiff also lists as Defendants "County of Imperial (by and through its Board of

23  Supervisors)" and "County of Los Angeles (by and through its Board of Supervisors)."  SAC

24  at 1. While the County of Imperial and the County of Los Angeles themselves may be

25  considered a "person," and therefore proper defendants, under section 1983, *see Monell v.*

26  *Department of Social Services*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859

27  F.2d 797, 801 (9th Cir. 1988), as a municipality it may be held liable under section 1983 only

28  where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the

implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County. *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Here, Plaintiff has not stated a section 1983 claim against these Defendants because he has failed to allege that any individual County employee deprived him of a constitutional right pursuant to official municipal policy, custom or practice. *See Monell*, 436 U.S. at 690; *Brown*, 520 U.S. at 403.   Thus, the claims against the County of Imperial and the County of Los Angeles are DISMISSED for failing to state a claim upon which relief could be granted.

### C.    Claims regarding Sixth Amendment rights

Plaintiff alleges that while he was detained at the Imperial County Jail, Jail officials "opened, read and informed" District Attorney Van Decker, who was prosecuting Plaintiff, of the "contents of privileged and confidential mail addressed to Plaintiff." SAC at 5.  In addition, Plaintiff claims that Jail officials recorded conversations with his "defense camp" and the "current design of the attorney/client meeting room" in the Imperial County Jail "prevented this *self-represented* Plaintiff from confidentially communicating with members of his defense team." *Id.* at 5-6. As a result, Plaintiff alleges that these circumstances "compromised Plaintiff's ability to adequately prepare a defense to the state's charges." *Id.* at 8.

However, mere allegations of government intrusion of the attorney client privilege "is not sufficient by itself to cause a Sixth Amendment violation." *U.S. v. Hernandez,* 937 F.2d 1490, 1493 (9th Cir. 1991).  Rather the Plaintiff must allege and later demonstrate that he was actually prejudiced by these actions. *Id.*  There are no facts that Plaintiff ever suffered any prejudice as a result of these conditions or the alleged tampering of Plaintiff's mail.  Moreover, it is not clear from his SAC that Plaintiff was ever subjected to a criminal trial as a result of the charges against him in Imperial County.

If Plaintiff was convicted in a criminal matter, his Sixth Amendment claims would be subject to the favorable termination rule as these claims amount to an attack on the constitutional validity of Plaintiff's criminal  proceeding, and as such, may not be maintained pursuant to 42

U.S.C. § 1983 unless and until he can show that his criminal conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's claims "necessarily imply the invalidity" of his criminal conviction. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486. This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487; *see also Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (prisoner's Sixth Amendment claim of denial of access to counsel while a pretrial detainee barred by *Heck* because claim would necessarily imply invalidity of subsequent conviction).

Plaintiff was previously cautioned that he must plead facts sufficient to satisfy *Heck* with respect to these claims and he, once again, failed to do so. *See* May 3, 2010 Order at 3-4. Despite the notice provided by the Court of these deficiencies of pleading, Plaintiff's SAC alleges no facts sufficient to satisfy *Heck*. Accordingly, because Plaintiff seeks damages for

allegedly unconstitutional criminal  proceedings, and because he has not shown that his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his SAC must be DISMISSED without prejudice. If Plaintiff chooses to amend this action, he must comply with *Heck* or his claims will be dismissed without leave to amend.

**D.     Eighth Amendment Excessive Bail claims**

Plaintiff alleges that his constitutional rights were violated when Defendants placed a "no bail" hold on Plaintiff when he was transported from Imperial County to Los Angeles County. *See* SAC at 13.  The Court liberally construes this as an "excessive bail" claim under the Eighth Amendment.  The Ninth Circuit has held that "[t]o determine whether the Excessive Bail Clause has been violated, we look to the valid state interests bail is intended to serve for a particular individual and judge whether bail conditions are excessive for the purpose of achieving those interests." *Galen v. County of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007).  Here, Plaintiff admits to pending charges in Imperial County yet has failed to allege that there were no valid state interests in denying bail based on Defendants' alleged request to Los Angeles County Jail officials to return Plaintiff to Imperial County pending the outcome of the charges in Los Angeles.  Plaintiff must be able to allege that Defendants "enhanced his bail for purposes unauthorized by California law or that the amount of bail was excessive in light of the valid purposes for which it was set." *Id.* at 661.  Plaintiff has alleged no such facts, and thus, his Eighth Amendment claims are DISMISSED for failing to state a claim.

**E.     Plaintiff's claims arising after November 30, 2009**

In his SAC, Plaintiff alleges that he was subjected to "illegal, embarrassing and humiliating group strip searches" while he was housed at various facilities in Los Angeles. SAC at 14-16.  These searches are alleged to have occurred in December of 2009.  *Id.* at 14-16. Plaintiff also brings a set of new claims against his attorneys that were assigned to represent him in Los Angeles and refers to events that occurred in January of 2010.

/ / /

At the time Plaintiff brought this action, he was incarcerated at the Imperial County Jail. *See* Pl.'s Motion to Proceed *in forma pauperis* ("IFP") at 1. These events in Los Angeles took place after Plaintiff filed this action on November 30, 2009.

Thus, the required exhaustion provisions of the PLRA apply. In this matter, Plaintiff cannot raise any claims that arose after November 30, 2009, as he could not have exhausted these claims prior to bring this lawsuit. The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516 (2002). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," and "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001). Moreover, the Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006), that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Id.* at 90. The Court further held that "[proper exhaustion] means . . . a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bring suit in federal court." *Id.*

The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) holds that prisoners who are incarcerated at the time they file a civil action which challenges the conditions of their confinement are required to exhaust "all administrative remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198; *see also Perez v. Wis. Dep't of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*.") (emphasis original). Section 1997e(a)

"clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement.  Exhaustion subsequent to the filing of the suit will not suffice."  *McKinney*, 311 F.3d at 1198 (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

Thus, all of Plaintiff's claims that arise after he filed this action on November 30, 2009, are DISMISSED for failing to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e.  Plaintiff is denied leave to amend these claims in this action, but the Court's dismissal is without prejudice to Plaintiff's ability to re-file them in a separate action.

**F.    Supplemental State Law Claims**

Because Plaintiff cannot identity a violation of a federal law, the Court exercises its discretion to dismiss Plaintiff's pendent state law claims without prejudice.  *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.");  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary.").

Accordingly, the Court finds that Plaintiff's SAC fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b).  The Court will provide Plaintiff with one final opportunity to amend his pleading to cure the defects set forth above.  Failure to abide by the Court's Orders will result in dismissal of Plaintiff's action without leave to amend.

**III.   Conclusion and Order**

Good cause appearing therefore, **IT IS HEREBY ORDERED** that:

Plaintiff's SAC is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 42 U.S.C. § 1997e.  Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is Filed in which to file a Third Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Third Amended Complaint must be complete in itself without

09cv2672 MMA (PCL)

reference to the superseded pleading.  *See* S.D. CAL. CIVLR. 15.1.  Defendants not *individually* named and all claims not re-alleged in the Third Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Plaintiff may not amend any claims the Court dismissed without leave to amend, nor may Plaintiff bring any claims that arose after November 30, 2009.

DATED:  July 18, 2010

Hon. Michael M. Anello
United States District Judge

9